## COUNTY OF MIDDLESEX, OCTOBER TERM 1839, AT CAMBRIDGE.

PRESENT:

Hon. LEMUEL SHAW, Chief Justice,
Hon. SAMUEL PUTNAM,
Hon. SAMUEL S. WILDE,
Hon. MARCUS MORTON,
Hon. CHARLES A. DEWEY,
} Justices.

---

## Joseph Bradley *versus* William W. Fuller *et al.*

The owner of land conveyed an undivided moiety, taking back a mortgage to secure the purchase money, and afterwards covenanted that upon the request of the grantee he would execute all conveyances necessary to make a partition of the land. After this he conveyed the other undivided moiety to another grantee, taking back a mortgage to secure the purchase money. The grantees then made mutual deeds of partition, and for the purpose of aiding this partition, the grantor released the divided moiety of each grantee from the mortgage given by the other. It was *held*, that such releases did not extinguish the mortgages as to one half of each divided moiety, but that the whole divided moiety of each grantee became subject to his mortgage, in like manner as his undivided moiety had previously been subject thereto.

A mortgagor of an undivided part of a lot of land, the residue whereof belongs to the mortgagee in fee simple absolute, is not entitled to partition as against the mortgagee.

Where two tenants in common of land have severally mortgaged their respective undivided shares to the same person, one of them is entitled to partition as against the other before entry by the mortgagee, but such partition will not affect the rights of the mortgagee.

THIS was a writ of entry, wherein the demandant Bradley, in an amended declaration, demanded against W. W. Fuller, J. Morse and A. W. Fuller, one quarter of the Bradley farm, to wit, one undivided half of ten parcels of land particularly de-

scribed, whereof he was seised in his demesne as of fee and in mortgage, and whereof the tenants disseised him.

On a case stated it appeared, that on the 27th of February, 1832, Bradley, being seised in fee of the farm, conveyed to Joshua Bennett and Josiah B. French, one undivided half thereof, with general warranty, taking back a mortgage of the same to secure the purchase money. On the 27th of March, Bennett and French conveyed to Elisha Fuller, an undivided third part of the same undivided half, with special warranty, taking back a mortgage of the same.

On the 28th of April, Bradley entered into an agreement with Bennett, French and Fuller, by which, " in consideration of 3000 dollars," he covenants with them, that whenever they effect a sale of their undivided half of the farm, or any lot or lots thereof, he will forthwith, on the request of them or either of them, convey his undivided half of the same lot or lots to the same person for the same price, and on the same conditions as they have sold their undivided half for, or in case he refuses so to convey, that he will forthwith, on the request of them, or any two of them, proceed with them to a partition, by selecting each party one man, and these two a third, to divide the farm into two parts of equal value, the party who will bid the highest sum to have the privilege of choosing between the two parts ; and when the choice has been made, each party is to execute and acknowledge all conveyances necessary to make the partition effectual in law.

On the 1st of June, Bradley conveyed to W. T. Heydock an undivided quarter of the farm, with warranty, taking back a mortgage of the same. On the 18th, Heydock conveyed to E. R. Olcott an undivided half of the same quarter, subject to Heydock's mortgage to Bradley.

On the 8th of June, Bradley conveyed to S. H. Mann, with warranty, the remaining quarter of the farm, taking back a mortgage of the same. On the 9th, Mann conveyed the same quarter to Elisha Fuller, taking back a mortgage of the same.

On the 25th of July, Bradley, by deed to Bennett and French, released one *divided* half of the farm, (being ten parcels described by metes and bounds,) from the mortgage signed

by Heydock and the mortgage signed by Mann, and on the same day Heydock, Olcott and E. Fuller conveyed the same half to Bennett and French with special warranty. Afterwards, on the same day, Bennett and French conveyed to E. Fuller one undivided third part of the same ten parcels, with special warranty. On the same day, Bradley, by his deed to Heydock and Olcott, released the other divided half of the farm, (being ten other parcels described by metes and bounds,) from the mortgage signed by Bennett and French. On the same day Bennett and French and E. Fuller conveyed these same ten parcels to Heydock and Olcott, with special warranty. Afterwards, on the same day, Heydock and Olcott conveyed an undivided half of these ten parcels to E. Fuller, with special warranty.

The two deeds above mentioned, of the 25th of July, made by Bradley to Bennett and French and to Heydock and Olcott, were made for the purpose of effecting a division of the farm, so that Bennett and French might hold one divided half in severalty, unincumbered by the mortgages of Heydock and Mann, and that Heydock, Olcott and E. Fuller might hold the other divided half in severalty, unincumbered by the mortgage of Bennett and French ; and there was no consideration for these deeds of Bradley, except the completion of the partition, or what results from the conveyances and agreement before mentioned.

On the 28th of October, 1833, Bradley released to Bennett and French certain land, being one divided third part of their ten parcels above mentioned, and on the 29th of October and 28th of November, Bennett and French conveyed all their interest in the same third part, to E. Fuller, four lots having been previously conveyed by Bennett, French and E. Fuller to other grantees ; and on the same 28th of October, E. Fuller released to Bennett and French all his interest in the residue of the same ten parcels.

On the 29th of November, E. Fuller conveyed the whole of his interest in the farm to A. W. Fuller, J. Morse and W. W. Fuller, the tenants in this action.

The tenants defend as to the undivided half of the ten parcels of land, which was conveyed to E. Fuller by Heydock

and Olcott on the 25th of July, 1832, claiming to hold the same discharged of any mortgage or other title in the demandant.

The cause was argued in writing, by *Hoar* and *Robinson*, for the demandant, and *H. H. Fuller* and *E. Fuller*, for the tenants.

WILDE J. delivered the opinion of the Court. The facts argued in this case are numerous and somewhat complicated, but in delivering the opinion of the Court, I shall advert to those only upon which the decision of the cause materially depends.

The demandant, in his new count, which is understood as a substitute for the original declaration, demands an undivided moiety of ten several lots or parcels of land described by metes and bounds, comprising, as is admitted, one moiety of the Bradley farm, so called. Of these lots the tenants claim only an undivided moiety, and as no ouster is stated in the case, their counsel contend that the claims of both parties may well stand together, and that consequently the demandant is not entitled to recover. I do not know whether this formal objection was intended to be relied on or not ; but if it was, it might be removed, if necessary, by a slight amendment.

We think, however, the declaration is well enough as it is, for in fact the demandant claims title to these entire lots under two several mortgages of one undivided moiety each, considering himself in possession under one mortgage, and that the tenants, claiming under the mortgagor in the other mortgage, have entered and disseised him. This title, if made out, is paramount to the tenants' title, and will maintain the issue for the demandant.

It is agreed that on the 27th of February, 1832, the demandant was seised of the Bradley farm in fee, and on that day conveyed an undivided moiety thereof to Bennett and French and took back a mortgage deed from them of the same premises, to secure the purchase money. Soon after, Bennett and French conveyed one undivided third part of their moiety to Elisha Fuller, and in April, 1832, the demandant covenanted with Bennett, French and Fuller, among other things, that he would, at their request, or of any two of them,

forthwith proceed to make division and partition of the farm in manner therein stated. Afterwards, in June, 1832, the demandant conveyed one undivided fourth part of the same farm to Wm. T. Heydock, and took back a mortgage of the same to secure the purchase money ; and in the same month of June, he conveyed the remaining undivided fourth part of the farm to Samuel H. Mann, and at the same time took back a mortgage deed from him to secure the purchase money.

On the 25th of July, 1832, the ten lots in question were conveyed by Bennett and French to Heydock, Olcott and Fuller, and at the same time the demandant discharged these lots from the mortgage of Bennett and French. On the same day Heydock, Olcott and Fuller conveyed to Bennett and French ten other lots or squares of land, comprising the other moiety of the Bradley farm, and at the same time the demandant discharged these last mentioned lots from the two mortgage deeds of Heydock and Mann.

These and several other conveyances between the mortgagors and those claiming under them, which it is not necessary to notice particularly, were made for the purpose of dividing the farm into two moieties, and thus to establish two tenancies in common, instead of one, and the question is, what is the true construction of the demandant's releases.

It is argued by the counsel for the tenants, that the effect was to extinguish the mortgages as to a moiety of the whole lot, and nothing more. And this undoubtedly would have been the effect, if the releases had not been made with reference to the division of the common property. But it is con tended by the counsel for the demandant, that the releases from nim are to be taken in connexion with the other simultaneous conveyances of the 25th of July, 1832, as parts of one transaction ; and that together they operate as deeds of partition, and no further.

It is a familiar principle, that all conveyances and other contracts are to be so construed as best to effectuate the intention of the parties, if it may be done consistently with the rules of law.

The first question therefore I shall consider is, what was the ·ntention of the parties in making these several conveyances.

1 *

This question however seems to be settled by the case stated. It is agreed that the releases from the demandant "were made for the purpose of effecting a division of the farm between said French and Bennett, and said Heydock and Olcott and Fuller, so that said French and Bennett might hold one divided half part of said farm, and said Heydock and Olcott and Fuller might hold the remaining divided half part of said farm, in severalty, unincumbered by the mortgages of the other." The question then is, not whether this was the intention of the parties, but whether it was intended also that the demandant should release a moiety of the farm which he held for the security of his mortgage debts.

If there was any such intention, it ought to appear by the language of the deeds, or from facts and circumstances from which such an intention may be inferred. If the consideration of a deed be expressed or admitted, no other consideration is to be presumed, although it may be proved. So if a sufficient cause for a transaction appears, another cause is not to be presumed. Now we think it does not appear, either by the language of the demandant's deeds of release, or from any fact or circumstance, that the demandant intended to relinquish any part of his security on the mortgaged property. It is agreed that there was no consideration for the deeds of release, except the completion of the partition, or what results from the conveyances and facts stated, and the bond or covenant of the demandant made the April preceding. From this bond certainly no presumption can be raised, that the demandant was to release any part of his security. He then held one half of the farm, not having then conveyed any part to Heydock or Mann. The agreement was, that he should sell his part to the same person or persons, for the same price, and on the same conditions, as French, Bennett and Fuller should sell their half for, and in default thereof that he would forthwith make a division or partition of the lot between them. Whether the demandant received $ 3000 or any other sum, as a consideration for entering into the covenant or agreement, can have no influence on the question under consideration. By this agreement he was bound to make partition, but not to relinquish any part of his security. There is therefore no evidence that the

demandant has received any consideration for the supposed relinquishment. It is true that the demandant might have voluntarily relinquished a part of his security without any consideration, but this is not to be presumed. The deeds of release are to be so construed as to give effect to the apparent intention of the parties, if by law they may be, and not according to any supposed intent resting on mere conjecture unsupported by any evidence.

It is admitted that the intention of the parties to these conveyances was to effect a division or partition of the farm, and there is no evidence of any other intention, unless it is to be inferred from the language of the releases.

The tenants' counsel contend that this inference is manifest ; and also that whatever may have been the intention of the parties, one half of the mortgage security was released in express terms, and that the deeds can have no other construction. This, as before remarked, would be unquestionable, if the releases had not been made with reference to the partition, and with a view to assent to and confirm that transaction. But taking the releases in connexion with the conveyances by which a division was made between the mortgagors and those claiming under them, we consider them as amounting only to a confirmation of the division, and we think they may be so construed consistently with the rules of law, and without straining the language of the deeds beyond their legal import.

By the deed of release to Heydock and Fuller, the demandant relinquished to them all his claim under the deed of mortgage from Bennett and French to the lots in question, but he relinquished no part of his claims under the mortgages from Heydock and Fuller. These claims are in express terms excepted from the operation of the release, so that the only question is as to the extent of these claims. Before the partition the demandant held an undivided quarter of the whole lot under each of these mortgages, and after the partition he held the same estate, which was the whole share and purparty set off to Heydock and Mann by the partition. Instead of holding an undivided quarter of the whole lot, he became entitled to a moiety of the half which was assigned to Heydock and Mann and their assigns.

<div style="margin-left:2em">

**Bradley**
*v.*
**Fuller.**

Tenants in common have separate freeholds or estates; they have no unity of interest, but unity of possession only. This unity of possession is destroyed by partition, but the estate remains the same. The demandant therefore had a legal title to a moiety of the whole farm under the mortgage deeds from Heydock and Mann, as well after the partition as before. And this moiety, by the consent of all parties interested, was divided from the other moiety, and assigned to Heydock and Mann, or those claiming under them. To this division the demandant consented, and confirmed it by his releases to the respective parties. But in his release of the ten lots in dispute, he excepts and reserves his claim under the mortgage deeds from Heydock and Mann. That claim embraced the half of the Bradley farm, not an undivided half, but the divided half to which the assignees of Heydock and Mann were entitled by the partition. Any other construction would be opposed to the manifest intention of the parties, and the express exception or reservation in the deed of release.

For these reasons we are of opinion, that the legal estate in the moiety in question is in the demandant under the mortgage deed from Mann. The tenants' claim is subject to this mortgage, and consequently the demandant is entitled to recover.

*Judgment for the demandant as on mortgage.*

**Fuller *et al.***
*v.*
**Bradley.**

While the foregoing action was pending, the tenants presented a petition, representing that they were the owners, under some of the above mentioned deeds, of one undivided half of a parcel of the same land, subject to the mortgage to Bradley, and that Bradley was the owner in fee simple absolute of the other half, and praying for partition.

*Oct. 21st,
1837.*

*Per Curiam.* The present question is, whether the petitioners can have partition against the respondent as against a stranger. Bradley is the absolute owner of one half of the land, and mortgagee of the other half, and the petitioners are assignees of the mortgagor. The Court are of opinion, on this general question, that the petitioners cannot have partition. They stand as mortgagors. Then can a mortgagor of one undivided moiety have partition against his mortgagee who is the absolute owner of the other moiety? We are of opinion

</div>

that he cannot.   Whether the petition for partition be regarded as a real action, in which the title is drawn in question, or as a suit for possession, it is an adversary suit, and the mortgagee has both the legal title and the right of possession, as against the mortgagor, and those who claim under him.   A bill to redeem is the proper remedy, and after redemption a petition for partition may be sustained.

<div style="text-align:right">Fuller<br>v.<br>Bradley.</div>

*Petitioners take nothing &c. ;  costs for respondent.*

Pending the same action, the tenants presented a petition for partition of another parcel of the Bradley farm.   The petitioners were the assignees of a right to redeem one undivided moiety from a mortgage to Bradley, and Solon Grout was the assignee of the right to redeem the other moiety from another mortgage to Bradley.   The mortgagee had not taken possession of the land.   Grout and Bradley were made respondents. The petitioners, desiring a partition as against Grout, and wishing to be in a situation to redeem a divided instead of an undivided moiety, brought this petition and made Bradley a party merely for the purpose of giving him notice, in order that he might be bound by the partition after a redemption should take place.   Grout assented to a partition. ~ t Bradley made objection.

<div style="text-align:right">Fuller *et al*<br>v.<br>Grout *et al.*</div>

*H. H. Fuller*, in support of the petition, referred to *Blanchard* v. *Brooks*, 12 Pick. 47.

*Per Curiam.*   Bradley is the mortgagee and has the right of possession.   As against the mortgagor and all persons claiming under him, the mortgagee is taken to be the owner of the fee, and as the right of possession follows the right of property, if there be no stipulation to restrain it, he is entitled to possession before condition broken.   But still the mortgagor has an estate in the land mortgaged ; he may maintain a real action against any person except the mortgagee ; he may sell ; and perhaps to every purpose, before entry of the mortgagee, he may be deemed the owner, except as against the mortgagee. Then the question recurs, are the petitioners and Grout prevented from having partition as between themselves ; and we think they are not.   If therefore Bradley were not a party, they might have partition ; and if the suit be discontinued

<div style="text-align:right">Oct. 21st,<br>1837.</div>

Fuller
*v.*
Grout.

against him, he will be entitled to his costs, and then the petition will stand in the same manner between the other parties as if the name of Bradley had not been inserted.

*Leave granted to discontinue against Bradley, and partition ordered between the petitioners and Grout.*